UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SCOTT M. FINE,

          Plaintiff,

vs.                              Case No. 2:05-cv-239-FtM-29SPC

FIRST SOUTHWEST COMPANY,

          Defendant.
_____

**OPINION AND ORDER**

     This matter comes before the Court on defendant's Motion to Dismiss Plaintiff's First Amended Verified Complaint (Doc. #16) filed on July 21, 2005. Plaintiff filed a Response to and Memorandum of Law in Opposition (Doc. #19) on August 4, 2005. Defendant asserts that plaintiff has no standing to bring the claims and that the First Amended Verified Complaint (the Amended Complaint) fails to state any claim upon which relief may be granted.

**I.**

     In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. Christopher v. Harbury, 536 U.S. 403, 406 (2002); Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003). A complaint should not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts that would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957)

(footnote omitted); Marsh v. Butler County, Ala., 268 F.3d 1014, 1022 (11th Cir. 2001)(en banc). To satisfy the pleading requirements of Fed. R. Civ. P. 8, a complaint must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002). The Court must limit its consideration to well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed. La Grasta v. First Union Securities, Inc., 358 F.3d 840, 845 (11th Cir. 2004). Dismissal is warranted however if, assuming the truth of the factual allegations of plaintiff's complaint, there is a dispositive legal issue which precludes relief. Neitzke v. Williams, 490 U.S. 319, 326 (1989); Brown v. Crawford County, Ga., 960 F.2d 1002, 1009-10 (11th Cir. 1992). The Court need not accept unsupported conclusions of law or of mixed law and fact in a complaint. Marsh, 268 F.3d at 1036 n. 16.

Every complaint must contain sufficient allegations of standing, Church v. City of Huntsville, 30 F.3d 1332, 1336 (11th Cir. 1994), but the Complaint may be dismissed for lack of standing only "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Jackson v. Okalossa County, Fla., 21 F.3d 1531, 1534 (11th Cir. 1994)(citation omitted). Standing always remains an open issue, and can be revisited under a different standard at the summary judgment stage or at trial. Church, 30 F.3d at 1336; Harris v.

Evans, 20 F.3d 1118, 1121 n.4 (11th Cir. 1994)(en banc), cert. denied, 513 U.S. 1045 (1994).

**II.**

The Amended Complaint (Doc. #15) alleges that Scott M. Fine (plaintiff or Fine) "owned and operated certain Florida business entities engaged in the securities/investment industry and operated two other investment entities." (the Investment Companies) (Id. at ¶ 3). First Southwest Company (defendant or First Southwest) is a Texas broker-dealer providing investment banking, brokerage and clearing services. (Id. at ¶¶ 4, 10). From October 2000 to February, 2004, Defendant provided custody and clearing services to the Investment Companies pursuant to Advisory Fee and Clearing Agreements between the Investment Companies and First Southwest. (Id. at ¶ 11).

During the first two years of the relationship, defendant sent regular monthly account statements for the Investment Companies to Kevin Boyle, an employee of the Investment Companies, for reconciliation. (Id. at ¶¶ 12-13). During the entire period, First Southwest sent monthly one-page account summations to Harvey Cohen, an accounting manager for the Investment Companies. (Id. at ¶ 14). Plaintiff's primary responsibility was to research stock options and advise defendant when and what to trade and to authorize the trades, which were effectuated by defendant. (Id. at ¶¶ 17-20). First Southwest was responsible for accounting for each trade authorized by plaintiff, collecting and distributing the

-3-

proper fees and commissions to the proper parties, and making sure all trades were credited or debited to the proper investment accounts.

In January, 2004, the Securities and Exchange Commission (SEC) began an investigation of a company called Investment Advisory of Lee County, LLC, a company in which plaintiff and Boyle had ownership interests. (Id. at ¶ 24). In February, 2004, the SEC filed a complaint alleging that plaintiff and Boyle fraudulently misrepresented information on monthly email statements to investors and charged unauthorized and excessive advisory fees and commissions. (Id. at ¶ 25). The SEC obtained a temporary restraining order against plaintiff and Boyle, a Receiver was appointed to take control of the Investment Companies, and the Investment Companies' offices were closed. (Id. at ¶¶ 26-27). Shortly thereafter, plaintiff signed a permanent injunction preventing his employment in the securities industry and freezing all his assets. (Id. at ¶¶ 28-29). See also Case No. 2:04-cv-105-FTM-29DNF.

In Count I plaintiff seeks an accounting from First Southwest, asserting that he and First Southwest had a fiduciary relationship because they were in a confidential business relationship and his research was the basis for the investment options traded at First Southwest. (Id. at ¶ 32). In Count II plaintiff alleges that he was "a contemplated and foreseeable beneficiary" of the Advisory and Clearing Agreements between First Southwest and the Investment

Companies; that First Southwest was in a fiduciary position to plaintiff by virtue of the agreements; that First Southwest breached its fiduciary duty by misrepresenting the amount of money in the Investment Companies' accounts and effectuating unauthorized transactions; and that he "justifiably relied" on the acts and/or omissions to his detriment in that he relied upon the misrepresentations in the statements he and Boyle sent to investors, which resulted in statements that were inaccurate and led to the demise of the Investment Companies and SEC proceedings against plaintiff.  (<u>Id</u>. at ¶¶ 35-40).  In Count III, plaintiff alleges that First Southwest committed securities fraud in violation of Fla. Stat. § 517.301(1)(c), the Florida Securities Investors Protection Act, by knowingly making false representations concerning the balances in the Investment Companies' accounts, willfully making and sending false monthly faxes and reports, and obtaining commissions and/or fees by virtue of fraudulent transactions.

### III.

Defendant argues that plaintiff lacks standing to bring an accounting claim in his individual capacity because he has not pled that he had any "valid relationship" with defendant in his individual capacity.  As a result, defendant argues that no fiduciary relationship has been demonstrated, and plaintiff has no

right to an accounting. Plaintiff bases his standing and relationship with defendant on the Advisory and Clearing Agreements, which have not been attached for review by the Court.

The Court admits to skepticism as to plaintiff's standing. However, Florida law broadly characterizes a fiduciary relationship, Doe v. Evans, 814 So. 2d 370, 374 (Fla. 2002), and the Court cannot say at this stage of the proceedings that there are no facts which plaintiff can establish which will show a fiduciary relationship. Susan Fixel, Inc. v. Rosenthal & Rosenthal, Inc., 842 So. 2d 204, 208 (Fla. 3rd DCA 2003)("Because of the factually intensive nature of an implied fiduciary duty inquiry, such claims are better addressed by a summary judgment motion, or at trial, than on a motion to dismiss."). Therefore the motion will be denied as to Count I.

As to Count II, defendant argues that contrary to plaintiff's allegation he is not a contemplated and foreseeable beneficiary of the Advisory and Clearing Agreements. Plaintiff responds that even though he pled such a relationship, none is required to establish the claim. Plaintiff states a claim for negligent misrepresentation by alleging: (1) a false statement of material fact; (2) known by defendant to be false; (3) to induce the plaintiff to act in reliance; (4) that plaintiff acted in reliance upon the representations; and (5) that proximately caused plaintiff injury. Roberts v. Rayonier, Inc., ___ Fed. Appx. ___, 2005 WL 1412066 (11th Cir. 2005)(citing Butterworth v. Quick & Reilly,

-6-

Inc., 998 F. Supp. 1404, 1410 (M.D. Fla. 1998)).  The Amended Complaint satisfies the federal notice pleading requirements summarized above.  If plaintiff's failure to attach the contracts or artful pleading proves to be sufficiently problematic, Rule 11 allows imposition of sanctions against both plaintiff and his counsel.

Count III clearly fails to comply with the heightened pleading requirements of Fed. R. Civ. P. 9(b), which require (1) the precise statements and/or omissions made; (2) the time and place of each statement and/or omission and the person responsible; (3) the content of the statements and the manner in which they misled the plaintiff; and (4) what defendant obtained as a result of the fraud.  Brooks v. Blue Cross & Blue Shield of Fla., Inc., 116 F.3d 1364, 1371 (11th Cir. 1997).

Accordingly, it is now

**ORDERED**:

Defendant's Motion to Dismiss Plaintiff's First Amended Verified Complaint (Doc. #16) is **GRANTED IN PART AND DENIED IN PART**.  The motion is granted as to Count III, which is dismissed for failure to properly state claim upon which relief may be granted.  The motion is denied as to Counts I and II.

**DONE AND ORDERED** at Fort Myers, Florida, this __18th__ day of August, 2005.

JOHN E. STEELE
United States District Judge